## Walden v. Smith, et al.

### (Decided March 15, 1918.)

### Appeal from Harrison Circuit Court.

1. Wills—Construction of Deed or Will—Heirs—Word of Purchase.— Where it is apparent from a will or deed as a whole that the word "heirs" is used in the sense of children, it will be read as meaning children and construed as a word of purchase and not of limitation.

2. Infants—Sale of Land for Reinvestment—Parties.—In an action brought under section 491, Civil Code, to obtain a decree for the sale of real estate for reinvestment in other like property, the life tenant and her children, the remaindermen, are the only necessary parties. It is clearly the meaning of that section that persons holding a remote contingent interest in the real estate are not required to be brought before the court, but will be treated as parties where the interests are properly represented by those next before them whose interests combined make up the first state of inheritance, if the latter are properly before the court.

3. Infants—Sale of Land for Reinvestment.—The sale of real estate in which infants have a remainder interest for the reinvestment of its proceeds in other real estate, when not prohibited by the will or deed under which it is held, will be authorized if the sale and reinvestment are shown to be beneficial to both the life tenant and remaindermen.

A. M. COX for appellant.

C. M. JEWETT for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE—Affirming.

By his will C. L. Smith of Scott county, Kentucky, who was survived by his wife, Mary L. Smith, and an infant daughter, Letitia Smith, bequeathed his estate, consisting of a considerable amount of life insurance and a small quantity of other personal property, one-third to his wife for life with remainder at her death to his daughter; and two-thirds to the daughter for life with remainder at her death to her "heirs," but if she died without "heirs" that the property should in that event go to the brothers and sisters of the testator and their heirs, or the surviving brothers and sisters of such of the sisters as might have no heirs at their death. The will directed that the property bequeathed the daughter of the testator should be invested in real estate by her trustee and the rents and profits thereof applied to her use. The widow of the testator duly renounced the will and received under the statute what she would have been entitled to take had there been no will. The daughter, upon reaching womanhood, became by marriage the wife of J. W. Bell, and they now have three children, all infants under fourteen years of age. The property the daughter took under the father's will was invested by her mother, who was duly appointed her trustee, in a tract of land in Harrison county containing 83-26/100 acres. Adjoining this tract is one of one hundred acres belonging to the mother, Mary L. Smith, in her own right, and also a sixty acre tract owned by the husband of Letitia, which two adjoining tracts have been sold by the parties and the proceeds reinvested in other lands lying in Bourbon county, and the parties, Mary L. Smith, Letitia Bell, and J. W. Bell, husband of the latter, being desirious of selling the 83-26/100 acres belonging to Letitia Bell for the purpose of reinvesting its proceeds in land in Bourbon county adjoining that purchased by the mother and husband of Letitia Bell, brought this action in the Harrison circuit court to obtain a decree for its sale. The children of Letitia Bell were made defendants in the action as were the brothers and sisters of the testator, C. L. Smith, or the heirs of such of them as have died, and all properly summoned; also a guardian *ad litem* appointed for the infants, who seems to have filed an answer in their behalf and otherwise made such defense as was necessary for the protection of their respective interests.

The circuit court in construing the will of C. L. Smith held that his daughter, Letitia Smith, now Letitia Bell,

took a life estate in the property therein bequeathed her and that at her death the remainder will go to her three children and such others as may be hereafter born to her; this conclusion as to the children being reached by the courts construing the word "heirs," used in the will as meaning children; and as the property thus bequeathed Letitia for life with remainder to her children was invested in the tract of land in question she has a life estate therein and the children a remainder interest, as stated. The court also held that the interest bequeathed the brothers and sisters of the testator by the will is a contingent remainder. Or, in other words, that whether they ever take any interest in the property bequeathed by the will must depend upon the daughter, Letitia, dying without leaving children surviving her.

Judgment was entered directing the sale of the 83-26/100 acre tract of land as prayed in the petition, and it was thereafter sold by the master commissioner in pursuance of the judgment, at which sale the appellant, J. S. Walden, became the purchaser at the price of $115.00 per acre, or $9,574.90 in the aggregate. Appellant then executed with approved security three bonds for the land of $3,191.63 each, due and payable to the master commissioner in six, twelve and eighteen months, with six per cent. interest from date. When the sale was reported by the master commissioner the court entered an order directing him to investigate and report in what other lands the proceeds of that sold could be safely and profitably invested, and at what price. Appellant as purchaser filed exceptions to the report of sale upon the following grounds: (1) That the court was without jurisdiction to order the sale of the land made by the commissioner. (2) That the petition fails to state facts showing that its sale was or would be beneficial to the infant remaindermen, children of Letitia Bell. (3) That the evidence in the case was insufficient to show that the sale would be beneficial to the remaindermen. The exceptions were overruled and the sale confirmed by the court. The appellant complains of the judgment manifesting these rulings; hence this appeal.

We fully agree with the construction given the will by the circuit court. It is a well-known rule that where it is apparent from the instrument, whether it be a will or deed, that the word "heirs" is used in the sense of children it will be read as meaning children and construed as

a word of purchase and not of limitation. Virginia Iron, Coal & Coke Co. v. Dye, &c., 146 Ky. 519; Bowe v. Richmond, 33 Rep. 173; Smith v. Smith, 119 Ky. 899. Clearly Letitia Bell, the daughter of the testator, took only a life estate in the property given her by the will with remainder at her death to her children, the infant appellees, and such other children as may hereafter be born to her. The contingent remaindermen were not even necessary parties to the action. In Goff v. Renick, &c., 156 Ky. 588, which was an action brought as was this under section 491, Civil Code, to sell for reinvestment real estate, the real estate sold had been devised to one for life and at his death to his children, with a further provision that in the event the life tenant should die without issue the estate would go to his three brothers or to the living descendants of those who might be dead. We held that as the life tenant and his son, an only child, the first remainderman, were living at the time of the institution of the action and were parties to the action, the court had jurisdiction to sell the land; and while it was proper to make the life tenant's three brothers, the second and contingent remaindermen, parties to the action to show their approval of the sale and reinvestment, neither they nor their children, the third contingent remaindermen, were necessary parties. In other words, that while the will under which the title of the land sold for reinvestment was devised, created three contingent remainders, it was only necessary to bring before the court, in order to obtain a valid sale of the land for reinvestment of the proceeds, besides the life tenant, "the person if in being, in whom it (the title) would have vested if the contingency had happened before commencement of the action." And as the son of the life tenant was the only person in being in whom the estate would have vested, if the life tenant had died before the commencement of the action; and the life tenant and his son, together with their wives, were made parties to the action, the validity of the sale made of the land could not be questioned by the purchaser. It is clearly the meaning of section 491, Civil Code, and recognized as a rule by the courts, that in an action brought thereunder persons holding remote contingent interests in the real estate to be sold for reinvestment, are not required to be actually brought before the court, but will be treated as parties where the interests are properly represented by those next before them whose interests com-

bined make up the first estate of inheritance, if the latter are before the court. There can be no doubt of the jurisdiction of the Harrison circuit court to adjudge the sale of the land in this case. Indeed, in all cases where real property may be sold for the investment of the proceeds in other real property, as here contemplated, such sale must be procured under and by virtue of section 491. Appellant does not contend that the will was not correctly interpreted by the circuit court.

It is apparent from a reading of the petition that it sets forth all the facts necessary to authorize the decretal sale of the tract of land in question. Its averments show that the interest of all concerned will be subserved by such sale. That is, that its sale and the reinvestment of the proceeds in other land to be held in like manner will be highly beneficial to the parties in interest; and in looking to the evidence appearing in the record we find it shows that the 83-26/100 acre tract of land is without buildings, other than a tobacco barn of inferior quality, that the fencing is in need of repair, that there is no house upon it which could be occupied by tenants in cultivating the land, and that its cultivation by the present owners would be inconvenient and unprofitable because of their removal to Bourbon county to the other lands which they have already purchased there, and that the reinvestment of the proceeds of this land in lands adjoining those already purchased in Bourbon county can be had at substantially the same price for which this was sold. It is not to be overlooked that the reinvestment of the proceeds realized from the sale of the land must be made subject to the approval of the court, and it goes without saying that it will exercise due care to see that the reinvestment is an advantageous one and that the title is taken to the parties in interest as held by them in the 83-26/100 acre tract of land under the will of C. L. Smith.

It is patent from what has been said that the sale of the 83-26/100 acre tract of land was properly adjudged and that there is no merit in the exceptions filed by the purchaser to the report of sale. Wherefore, the judgment is affirmed.