## Ward v. Kemper's Administrator et al.

(Decided October 30, 1931.)

BRADLEY & BRADLEY for appellant.

FORD & FORD and JAMES B. FINNELL, Jr., for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Affirming.

The appellant, J. C. Ward, was the successful bidder at a judicial sale. His timely exceptions to this sale were overruled, and, he has appealed.

By the will of R. F. Pack, probated in 1892, the interests of his daughters in his estate were devised to them as separate estate for life with remainder to their children, or descendants, if any, and if none then to testator's other children or their descendants per stirpes the share of all females to be separate estate.

A portion of the share of Sallie Pack Paxton (one of testator's daughters) was invested in the property in question and it was conveyed to her and the remaindermen by a deed containing this provision:

"To have and to hold the same unto the party of the second part, her heirs and assigns forever, in accordance with the orders and directions of the Scott Circuit Court in the action of Sallie Pack Paxton against Joe Burgess and in accordance with the provisions of the will of R. F. Pack, dec'd which provisions are as follows:—to-wit— 'as her separate estate during her life, free from the control of any husband she now has or may hereafter have, and at her death shall pass to her children, or descendants of children, and in default of children or descendants of children, shall go to her brother and sister, or representative of such brother and sister in case there is no brother and sister, per stirpes, and any part that goes to any female children or descendants shall be separate estate.' "

On February 2, 1925, Mrs. Paxton filed a suit for the sale of this land for reinvestment, making her son Joe Burgess and her other four children the only defendants. The court ordered the land sold and at that sale T. H. Kemper was the successful bidder. When this sale was reported and in due time Kemper excepted to the sale, one of his grounds for exception being this:

"Because there is a defect of parties defendant —that under the will of R. F. Pack, a copy of which

is filed with the petition, at the death of said plaintiff Sallie Pack Paxton and the title to said property passes to her children or the descendants of said children and in default of children or descendants of children the same shall pass to her brother and sister or the representatives of such brother and sister in case there is no brother or sister, per stirpes. Said brother and sister or the representatives of said brother and sister have a contingent interest in remainder in the said property sold herein and are necessary parties to this action but have not been made parties hereto."

On May 29, 1925, those exceptions were overruled, Kemper paid for the property, and it was conveyed to him June 2, 1925. The money arising from the sale of this property was not reinvested as proposed, but an amended petition was filed, in which it was stated that Mrs. Paxton had relinquished her life estate to her five children, among whom it was asked that this money be divided, and on February 1, 1926, that was done under order of the court.

On October 28, 1928, Kemper died intestate, and in a suit to settle his estate this land was sold under order of court entered October 21, 1930, and J. C. Ward was the successful bidder at this sale. When the sale was reported, Ward filed rather elaborate exceptions, the essential part of which is:

"He says that the title of the decedent T. H. Kemper to the property purchased by him was obtained by deed of the master commissioner of this Court made pursuant to the orders of this Court in a suit styled Sallie Pack Paxton v. Joe Burgess, et al., which deed is recorded in book 54, page 252 in the Scott County Clerk's office. He says however, that said deed did not convey a good title to the said T. H. Kemper for the following reasons and the purchaser herein makes each of these defects in said former sale an exception to the sale herein. . . ."

"Your purchaser says that the said Sallie Pack Paxton had five children at the date of said suit and said sale thereunder and also had numerous brothers and sisters, the exact number your purchaser does not know, and their brothers and sisters also had children. Your purchaser says however, that in said suit no one was joined except Sallie Pack Paxton

and her children and that none of her brothers and sisters or their children were joined in said suit. Your purchaser says that for that reason there is an outstanding contingent remainder in the brothers and sisters of said Sallie Pack Paxton or in their descendants, which did not pass to the said T. H. Kemper under said deed and did not pass to your purchaser under his purchase and for that reason his purchase and sale should be set aside."

Thus Ward raises the same question raised by Kemper. By agreement the record in Paxton v. Burgess et al., under which Kemper made his purchase was made a part of this record.

February 10, 1931, the court overruled Ward's exceptions; and he has appealed. The contingent remaindermen (the brothers and sisters of Mrs. Paxton) have never been made parties to either of these suits.

The court is unable to distinguish the facts in this case from the facts in Willis v. Lapsley, 240 Ky. 829, 43 S. W. (2d) 47 (this day decided) and upon the authority of the Willis case this judgment is affirmed.