## Stone et al. v. Campbell et al.

March 17, 1942.

John T. Diederich and Woods, Stewart & Nickell for appellants.

J. D. Atkinson for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

The appellee, Mrs. Lucy Thompson Campbell, inherited several hundred acres of land in Greenup County from her grandfather, William Biggs. Mrs. Campbell is the child referred to in the second Codicil of Mr. Biggs' will, which reads as follows:

"Since my will was written my daughter Lola L. Thompson has died leaving a child, a daughter, the property I give or intended by my will should go to my said daughter, I now give to her daughter, but in case her said child shall die without issue living at its death then I will that this property shall revert to my children Andrew Biggs, Wm. Biggs Jr., G. N. Biggs, James D. Biggs, Sam G. Biggs, Lucy C. Beardsley and their heirs."

Mrs. Campbell is now 63 years of age and she and her two sons, Seth Stairs and Dick C. Campbell, both of whom are of age, reside in California. Mrs. Campbell and her sons joined in an ex parte proceeding to have the land sold and the proceeds reinvested under Section 491 of the Civil Code of Practice. Suffice it to say that the allegations of the petition and the affidavits in support thereof are sufficient to warrant the finding of the chancellor that the land be sold and the proceeds reinvested in real estate.

The appellants, who purchased the property, filed exceptions to the sale on the grounds that (1) the court was without jurisdiction to order the sale of the property; (2) the petition and the evidence in support thereof were insufficient to show that a sale of the property would be beneficial to the remaindermen or parties in interest; and (3) the infant children of Mrs. Campbell's sons and Mrs. Campbell's brothers and sisters, or their heirs, should have been made parties to the cause. The purchasers are appealing from the order overruling their exceptions.

We have already indicated that the allegations in the petition and the affidavit in support thereof were sufficient to warrant the adjudication that the property be sold and the proceeds reinvested in real estate. Section 491 of the Civil Code of Practice provides:

"In an equitable action by the owner of a particular estate of freehold in possession, or by his guardian or committee if he be an infant or of unsound mind, against the owner of the reversion or

remainder, though he be an infant or of unsound mind, and against the owner of the particular estate if he be an infant or of unsound mind; or, if the remainder be contingent, against the person, if in being, in whom it would have vested if the contingency had happened before commencement of the action, though he be an infant or of unsound mind, and against the owner of the particular estate if he be an infant or of unsound mind—real property may be sold for investment of the proceeds in other real property.''

In Goff v. Renick, 156 Ky. 588, 161 S. W. 983, where real property was devised to the testator's four sons for life, with remainder to the heirs of their bodies, and if any one of the sons should die without issue then living, then to the survivor and the descendants then living of those who then might be dead, and it was sought to sell the interest of one of the brothers who, at the commencement of the action, was alive and had an adult son, the contingent remaindermen (the other brothers and their descendants) were bound by the proceedings by representation and were not necessary parties to the action. As said in Luttrell v. Wells, 97 Ky. 84, 30 S. W. 10, 16 Ky. Law Rep. 812, Section 491 of the Civil Code of Practice was designed to meet such cases, and although the remainder may be contingent, yet, if the person in being in whom the remainder interest would have vested if the contingency had happened before the commencement of the action, be properly before the court, a complete and perfect title may be passed under a proceeding conforming to the provisions of that section and other sections of the Code regulating such proceedings. If Mrs. Campbell had died before the commencement of the action, leaving her sons in being, the remainder would have vested in them. Therefore, as pointed out in the Renick case, they were the only necessary parties to the action, aside from the life tenant. See, also, Walden v. Smith, 179 Ky. 829, 201 S. W. 302; Whittaker v. Chenault, 192 Ky. 81, 232 S. W. 391; Willis v. Lapsley, 240 Ky. 829, 43 S. W. (2d) 47. It is obvious from what has been said that the trial court correctly overruled the exceptions filed by the appellants.

Judgment affirmed.